IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

*NORFOLK DIVISION*



| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Criminal No. 2:25-cr-36 |
| ROLONDO LAVAR MOODY, | |
| Defendant. | |

STATEMENT OF FACTS

The United States and the defendant, ROLONDO LAVAR MOODY (hereinafter, "the defendant"), agree that at trial the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1. In early 2024, a Portsmouth Police Department (PPD) confidential informant (CI-1) identified the defendant as a source of supply for firearms and narcotics in Portsmouth, VA.

2. Between the months of June 2024 through September 2024, the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) utilized a separate confidential informant (CI-2) to conduct a total of six (6) controlled purchases of firearms and heroin from the defendant.

3. On June 25, 2024, ATF utilized CI-2 to complete a purchase from the defendant of a Smith & Wesson, model M&P 40, .40 caliber (SN: JEV4202) semi-automatic pistol and a Taurus, model PT 24/7 Pro, .45 caliber (SN: NYL65263) semi-automatic pistol. During this controlled purchase, the defendant advised CI-2 that he distributes fentanyl and has access to numerous firearms. CI-2 told the defendant that he/she is involved in weapons trafficking and sells cocaine. CI-2 also told the defendant that he/she will want to purchase fentanyl from him in the future for personal use and to sell.

4. On July 12, 2024, ATF utilized CI-2 to complete a purchase from the defendant of a Romarm/Cugir, model Micro Draco, 7.62x39 mm caliber (SN: 21PMD27581) semi-automatic pistol.

5. On July 25, 2024, ATF utilized CI-2 to complete a purchase from the defendant of a Smith & Wesson, model M&P 45 Shield, .45 caliber (SN: HUB1178) semi-automatic pistol and a Taurus, model PT99AF, 9 mm caliber (SN: TJH55849) semi-automatic pistol.

6. On August 9, 2024, ATF utilized CI-2 to complete a purchase from the defendant of a Wilson Combat, model Tactical Custom, 5.56 caliber (SN: WCR0325) semi-automatic rifle. During this controlled purchase, an individual identified as Kievon Whitehurst was observed transferring the firearm to the defendant, who then sold it to CI-2.

7. On September 13, 2024, ATF utilized CI-2 to complete a purchase from the defendant of a quantity of suspected heroin in exchange for U.S. Currency. On September 23, 2024, ATF utilized CI-2 to complete another purchase from the defendant of a quantity of suspected heroin in exchange for U.S. Currency. The narcotics were sent to the Virginia Department of Forensic Science for testing and the resulting Certificates of Analysis determined that the submitted narcotics were a combined total of 11.3179 grams of solid material found to contain heroin.

8. All of firearms purchased and received from the defendant during the controlled purchases referenced in this Statement of Facts are firearms as defined in Title 18, United States Code, Section 921(a)(3) and were manufactured outside the Commonwealth of Virginia. Therefore, each of the firearms had previously traveled in interstate commerce.

9. Prior to June 25, 2024 and up to and including August 9, 2024, the defendant was a multi-convicted felon and his right to possess a firearm had not been restored. The defendant knew he was prohibited from possessing firearms during all applicable time frames.

10. Furthermore, the defendant knew or had reasonable cause to believe that the use, carrying, or possession of firearms by CI-2 would constitute a felony as defined in Title 18, United States Code, Section 932(a).

11. All of the above-described events occurred in Portsmouth, Virginia, which is in the Eastern District of Virginia.

12. This statement of facts includes those facts necessary to support the plea agreement between the defendant and the United States. It does not include each and every fact known to the defendant or to the United States, and it is not intended to be a full enumeration of all of the facts surrounding the defendant's case.

13. The actions of the defendant, as recounted above, were in all respects knowing and deliberate, and were not committed by mistake, accident, or other innocent reason.

Respectfully submitted,

Erik S. Siebert
United States Attorney

By: _____
Marc W. West
Special Assistant United States Attorney

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, ROLONDO LAVAR MOODY, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
ROLONDO LAVAR MOODY

I am the defendant's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Kirsten R. Kmet
Attorney for ROLONDO LAVAR MOODY

4